IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| GAYATHRI MURTHY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:11-cv-00105-KPE |
| | § | |
| ABBOTT LABORATORIES, | § | |
|     Defendant. | § | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

For the following reasons, and as more fully explained in the Memorandum in Support of this Response, Abbott's motion should be denied.

1.   This is purely a dilatory litigation strategy.  Similar motions have been filed and denied in two Humira cases that Abbott fails to cite to this Court.  *Mohr v. Targeted Genetics, Inc.*, 690 F.Supp.2d 711 (C.D. Illinois 2007); *Wendell v. Johnson & Johnson*, 2010 WL 2465456 (N.D. Calif. June 14, 2010).  The latter, like the case at bar, is a lymphoma case.

2.   The rationale of *Twombley* and *Iqbal* is not present in this litigation. Abbott is defending claims of Humira induced lymphoma in both the *Wendell* case and *Jones v. Abbott*, Case No. 2:07-cv-02120-BBD (W.D.Tenn).  The undersigned counsel represent the plaintiffs in *Jones*.  Abbott has produced approximately 1,000,000 pages of documents in *Jones*, three 30(b)(6) depositions are scheduled to take place over the course of the next 60 days, and the case is presently set for trial in

January 2012.  Thus, dismissal of this Amended Complaint would not spare Abbott the costs of defending this $6.5 billion/year drug.

3. The § 82.007(a) presumption does not warrant summary dismissal for a variety of reasons, including (a) its inapplicability to inadequate warnings in any context other than the official package insert and (b) much of the information conveyed to Ms. Murthy about Humira was *not* FDA approved.  *See Centocor, Inc. v. Hamilton,* 310 S.W.3d 476, 522 (Tex. App. 2010).

4. The learned intermediary doctrine does not warrant dismissal either.  First, it is an affirmative defense.  Second, Dr. Popovich was being paid by Abbott to prescribe Humira to Ms. Murthy, and, thus, cannot possibly be a truly independent and objective "learned intermediary."  The most recent Texas opinion on point squarely rejects the applicability of this doctrine to facts which are remarkably similar to those in this case.  *Centocor, supra*.

5. The breach of contract claims clearly arise out of the same "transaction or occurrence" within the meaning of § 16.068.  Therefore, they "relate back" to the filing date of the Massachusetts case and are not time barred.

6. In this case, as in *Hickerson  v. Valued Life Org., Inc.*, 4:10-CV-4809, 2011 WL 1100921 (S.D. Tex. Mar. 22, 2011) the Motion to Dismiss should be denied.

-3-

        Respectfully submitted,

        VICKERY, WALDNER & MALLIA, LLP

        */s/ Arnold Anderson (Andy) Vickery*
        Arnold Anderson (Andy) Vickery
        Texas Bar No. 20571800
        Fred H. Shepherd
        Texas Bar No. 24033056
        One Riverway, Suite 1150
        Houston, TX  77056-1920
        Telephone: 713-526-1100
        Facsimile: 713-523-5939
        Email: andy@justiceseekers.com
        Email: fred@justiceseekers.com

## Certificate of Service

I certify that on this 12th day of May, 2011, Plaintiff's Response to Motion to Dismiss has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

    John Donley, Esq.
    Renee D Smith, Esq.
    Andrew Bautista, Esq.
    KIRKLAND & ELLIS, LLP
    300 North LaSalle Street
    Chicago IL  60654

        */s/ Arnold Anderson (Andy) Vickery*
        Arnold Anderson (Andy) Vickery