**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

GAYATHRI MURTHY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　)　　CASE NO. 4:11-cv-00105-KPE
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　JURY TRIAL DEMANDED
ABBOTT LABORATORIES,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM  IN SUPPORT OF RESPONSE TO MOTION TO DISMISS**

Pursuant to this Court's Order of August 18, 2011, Abbott Laboratories ("Abbott") files

this response to Plaintiff's Supplemental Memorandum In Support of Response to Motion to

Dismiss ("Pl.'s Supp. Mem.").

Plaintiff's supplemental briefing provides the Court with no reason why her Amended

Complaint ("Complaint") should not be dismissed for failing to adequately plead any of the

statutory exceptions to Tex. Civ. Prac. & Rem. Code § 82.007 ("Section 82.007").  The Court

should accordingly dismiss her Complaint with prejudice.  *First*, Section 82.007(a) does not

create an evidentiary presumption as Plaintiff asserts, but rather establishes a default rule of no

liability, subject to statutory exceptions.  Accordingly, to state a claim, Plaintiff must allege facts

showing that an exception to Section 82.007(a) applies—which Plaintiff has failed to do.  The

Fifth Circuit has held that failure to plead an exception warrants dismissal under Rule 12(b)(6),

and Texas federal courts interpreting similar liability-limiting Texas statutes have arrived at that

same conclusion.  *Second*, Plaintiff is not entitled to proceed to discovery in order to determine

the applicability of Section 82.007, because by failing to adequately plead an exception, she has

failed to allege any wrongful conduct by Abbott.  Because each of Plaintiff's claims are subject

to Section 82.007(a), and because she has failed to adequately plead any of the statutory exception under Section 82.007(b), the Complaint should be dismissed with prejudice.

I.    **Section 82.007 Creates an Additional Element for Failure-to-Warn Claims, and Plaintiff's Failure to Adequately Allege that Element Requires Dismissal.**

    A.    **Section 82.007 Establishes a Default Rule of No Liability for Failure-to-Warn Claims Brought Against Drug Manufacturers Under Texas Law.**

Plaintiff's claim that Section 82.007(a) creates an evidentiary presumption[1] which she is not required to rebut is unsupported by any authority and contradicted by the legislative purpose behind the statute's enactment.  Section 82.007 is part of the Texas Product Liability Act, which "represent[s] the state's policy preference to limit manufacturers' liability for injuries caused by their products."  *Harris v. Philip Morris Inc.*, 232 F.3d 456, 458 (5th Cir. 2000).  As Abbott previously stated, Section 82.007 is the product of the Texas legislature's judgment that drug manufacturers in failure-to-warn cases "***would not be liable*** if the warnings or instructions that accompanied the medicine were those required by the [FDA]."[2]  *See* Abbott's Reply In Further Support of Motion to Dismiss ("Reply") at 5; *see also id.* at 5 n.4.  Consistent with that legislative intent, Section 82.007 does not merely create an evidentiary presumption—instead, it establishes a "***statutory*** presumption of non-liability" for drug manufacturers.  *See Ackermann v. Wyeth Pharms.*, 526 F.3d 203, 206 (5th Cir. 2008).  Because Section 82.007 presumptively immunizes manufacturers from liability unless plaintiffs can meet at least one of the limited statutory exceptions, it is properly understood as creating an additional element that plaintiffs must allege in order to state a valid claim.  *See Yocham v. Novartis Pharms. Corp.*, 736 F. Supp. 2d 875, 885 n.5 (D.N.J. 2010) ("The Texas statute [Section 82.007] does not use the term

---

[1] At the outset, Plaintiff also claims that she is not required to anticipate an affirmative defense in her complaint. *See* Pl.'s Supp. Mem. at 2-3.  Abbott agrees with Plaintiff's subsequent concession that Section 82.007 "is *not* an affirmative defense[,]" *id.* at 3 (emphasis in original), and does not therefore address this argument.

[2] All emphases added unless otherwise noted.

presumption in the ordinary sense of an evidentiary presumption . . . but instead as a kind of default rule for liability with an exception."); *Thurston v. Merck and Co. Inc.*, 415 F. App'x 585, 586 (5th Cir. 2011) (unpublished) (affirming dismissal under Rule 12(b)(6) because the "complaint [did] not plead facts sufficient to meet any of the [Section 82.007(b)] exceptions.").

**B.      Plaintiff's Failure to Adequately Allege Any of the Statutory Exceptions Under Section 82.007(b) Requires Dismissal.**

To overcome the liability bar of Section 82.007(a) and to state a cognizable claim, Plaintiff must plead facts plausibly demonstrating that she can satisfy at least one of the Section 82.007(b) exceptions. *See Thurston*, 415 F. App'x at 586; *cf.* Section 82.007(b) ("***The claimant*** may rebut the presumption" of non-liability by establishing that one or more of the statutory exceptions applies). Plaintiff has failed to do so because her Complaint is entirely devoid of ***facts***[3] sufficient to satisfy any of the Section 82.007(b) exceptions, *see* Reply at 2-5; each of her claims is accordingly barred by the non-liability presumption. *See Thurston*, 415 F. App'x at 586 ("the district court correctly dismissed [plaintiff's] complaint under Rule 12(b)(6) for failure to state a claim" where the "complaint [did] not plead facts sufficient to meet any of the [Section 82.007(b)] exceptions."); *In re Aredia and Zometa Prods. Liab. Litig.*, No. 3:06-MD-1760, 2008 WL 2944910, at *3 (M.D. Tenn. July 25, 2008) ("[Section 82.007] provides, in subsection (b), limited and specific ways in which a claimant can rebut the presumption created by the statute in subsection (a). The presumption of adequate warnings, therefore, is ***unrebuttable*** unless one of the specific statutory provisions applies.").[4] Even more fundamentally, dismissal is appropriate

---

[3] In her supplemental briefing, Plaintiff repeats her speculative claims that she may be able to meet the Section 82.007(b) exceptions because it is "highly questionable" that Section 82.007(a) "applies at all to patients enrolled in any kind of clinical trial" and because "not *all* of the information given to Ms. Murthy was FDA approved." *See* Pl.'s Supp. Mem. at 4 (emphasis in original). As Abbott previously explained, Plaintiff's suggestions are unsupported by law or facts and are unavailing. *See* Reply at 3-4.

[4] Repeating the unsupported arguments first made in her Memorandum in Support of Response to Motion to Dismiss, Plaintiff posits—again with no citation to authority—that the list of exceptions in Section 82.007(b) may be "merely illustrative." *See* Pl.'s Supp. Mem. at 3. n.4. As Abbott previously explained (*see* Reply at 4), and as *In*

because by failing to plead that an exception to Abbott's presumptive non-liability applies, Plaintiff has, in essence, failed to allege any basis to hold Abbott liable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct.").

Further, although *Thurston* is the only decision that addresses the consequences of a plaintiff's failure to plead a statutory exception to Section 82.007, federal decisions interpreting Tex. Civ. Prac. & Rem. Code § 82.003 ("Section 82.003")[5]—another Texas statute that creates a statutory presumption of non-liability—have likewise held that a plaintiff's failure to adequately allege an exception requires dismissal. For example, in *Gonzalez v. Estes, Inc.*, the court found that the allegations in the plaintiff's amended complaint "would be insufficient to overcome a motion to dismiss under Rule 12(b)(6)" because "[t]here are no factual allegations that would invoke any exception to nonliability on the part of [the defendant]." No. SA-10-CA-0038-XR, 2010 WL 610778, at *5 (W.D. Tex. Feb. 19, 2010). Similarly, in *Harris v. New Werner Holding, Co., Inc.*, the court found that "Plaintiff's claims as pleaded in Plaintiff's Original Petition do not set forth a cause of action as permitted under section 82.003. Plaintiff wholly fails to state why any of his claims would fall within any of the exceptions set forth in 82.003." No. 3:08-CV-1750-L, 2009 WL 1211409, at *3 (N.D. Tex. May 1, 2009). Section 82.007, just like Section 82.003, immunizes drug manufacturers from liability for failure-to-warn claims unless a statutory exception applies. *See Thurston*, 415 F. App'x at 586; *cf. Yocham*, 736 F. Supp. 2d at 885 n.5. Plaintiff's failure to plead an exception to non-liability therefore similarly requires dismissal.

---

re Aredia* and *Thurston* recognize, the list of exceptions in Section 82.007(b) is, in fact, exclusive.

[5] Tex. Civ. Prac. & Rem. Code § 82.003 provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" that a statutory exception applies.

**II.     Plaintiff Is Not Entitled to Discovery Because She Has Not Alleged Any Basis For Holding Abbott Liable.**

Plaintiff's failure to adequately allege that Abbott may be held liable under an exception to Section 82.007(a) necessarily means that she cannot proceed to discovery, and her suggestion that the applicability of Section 82.007 will be determined "[o]nce the evidentiary facts are all marshaled via discovery" (Pl.'s Supp. Mem. at 4) turns *Twombly* on its head.  *Twombly* is premised on the "understanding that, ***before proceeding to discovery***, a complaint must allege facts suggestive of illegal conduct." *Twombly*, 550 U.S. at 563 n.8; *accord Iqbal v. Ashcroft*, — U.S.—, 129 S.Ct. 1937, 1950 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  The Texas legislature has spoken clearly: unless a plaintiff can satisfy a statutory exception under Section 82.007(b), manufacturers are not liable for failure-to-warn claims if the warnings that accompanied the drug were those required by the FDA.  *See* Section 82.007.  By failing to adequately allege an exception to the non-liability presumption, Plaintiff has in essence failed to "allege facts suggestive of illegal conduct" by Abbott.  *See Twombly*, 550 U.S. at 563 n.8.  Accordingly, she is not entitled to discovery.  *Id.*

//

//

//

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons and the reasons discussed in Abbott's Motion to Dismiss and Reply Brief in further support thereof, Plaintiff's Amended Complaint should be dismissed with prejudice.

DATED:  September 9, 2011                      Respectfully submitted,


                                                     _____/s/ *Michael P. Foradas*_____

John Henderson                                 Michael P. Foradas, *Attorney-in-charge*
Bryan Pollard                                  Renee D. Smith
WILSON, ELSER, MOSKOWITZ, EDELMAN &            Andrew P. Bautista
DICKER LLP                                     KIRKLAND & ELLIS LLP
Bank of America Plaza                          300 N. LaSalle Street
901 Main Street, Suite 4800                    Chicago, IL 60654
Dallas, TX 75202                               Telephone: (312) 862-2000
Telephone: (214) 698-8005                      Facsimile: (312) 862-2200
Fax: (214) 698-8000                            mforadas@kirkland.com
john.henderson@wilsonelser.com                 rdsmith@kirkland.com
bryan.pollard@wilsonelser.com                  abautista@kirkland.com

*Of Counsel for Defendant*                     *Attorneys for Defendant*
*Abbott Laboratories*                          *Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2011, I electronically filed the foregoing document and the accompanying motion with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users":

> Arnold Anderson (Andy) Vickery
> Fred H. Shepherd
> VICKERY, WALDNER & MALLIA, LLP
> 1330 Post Oak Blvd., Suite 1800
> Houston, TX 77056-1920
> Telephone: 713-526-1100
> Facsimile: 713-523-5939

In addition, I served a copy of the foregoing document by U.S. mail at the addresses above.

_/s/ John R. Henderson_
John R. Henderson
