2010 WL 610778
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
W.D. Texas,
San Antonio Division.

George GONZALEZ, Plaintiff,

v.

ESTES, INC. and Whitmire Microgen Research Laboratories, Inc., Defendants.

Civil Action No. SA-10-CA-0038-XR.   Feb. 19, 2010.

**Attorneys and Law Firms**

Thomas C. Hall, Hall & Bates, LLP, San Antonio, TX, for Plaintiff.

Richard J. Reynolds, III, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, TX, Kevin Thomas Jacobs, Baker Botts, Richard L. Josephson, Baker Botts, LLP, Houston, TX, for Defendant.

Opinion

**ORDER ON MOTION TO REMAND**

XAVIER RODRIGUEZ, District Judge.

*\*1* On this date, the Court considered Plaintiff George Gonzalez's Motion to Remand (docket no. 3), and Defendant Whitmire's Response in Opposition. After careful consideration, the Court will grant the motion to remand.

**I. Background**

Plaintiff filed his original petition in state court on March 5, 2009, against Defendant Estes, Inc., alleging that he was injured in the course of his employment by the use of chemicals supplied by Estes. Estes was served through its registered agent on March 11, 2009, and filed an answer on April 15, 2009.

In August 2009, Plaintiff filed an amended petition, which added claims against Defendant Whitmire Micro-Gen Research Laboratories ("Whitmire"). The amended petition alleges that Plaintiff was harmed by the use of chemicals supplied by Estes and manufactured by Whitmire. Defendant Estes filed a First Amended Original Answer on August 14, 2009, asserting a general denial and, in the alternative, "specifically plead[ing] that as a non-manufacturing seller, it is entitled to the protections and exemptions from liability prescribed in TEX. CIV. PRAC. & REM. CODE, Section 82.003." Whitmire also filed its answer.

On January 8, 2010, Estes filed a motion for summary judgment on Plaintiff's claims against it, asserting immunity under Texas Civil Practice & Remedies Code § 82.003. The brief motion states only:

> As is conclusively demonstrated by the affidavit of the President of this Defendant, a copy of which is attached hereto and incorporated herein for all purposes, this Defendant is a non-manufacturing seller. As such, this Defendant has and can have no liability to Plaintiff under the terms of Tex.Civ.Prac.Rem.Code § 82.003. No exceptions to the protections afforded by that chapter and section of such chapter exist and, therefore, this Defendant is entitled to summary judgment on all issues in this cause as against Plaintiff as a non-manufacturing seller.

The affidavit of Tim Akins, President of Estes, states that Plaintiff alleges exposure to two pesticide products, which Estes, as a distributor, did sell to Plaintiff's employer, Worldwide Pest Control. Akins states that Estes did not manufacture the products or participate in their design. He states that the products were manufactured by Whitmire, Estes purchased them from Whitmire and Paragon, an upstream distributor, and then sold or distributed them to Worldwide Pest Control. Akins states Estes did not label or package the products or participate in the design of the label or packaging, did not modify or alter the products, did not install or participate in installation of the products, or make any representations about the product to Plaintiff or Worldwide. Akins states Estes was unaware of any defect. Estes also filed a cross-claim for indemnification against Whitmire, and moved for summary judgment on that claim, using the same affidavit as evidence.

On January 19, 2010, Defendant Whitmire removed, asserting that this Court has diversity jurisdiction because Defendant Estes was improperly joined. Defendant asserted that removal was proper because it was effected within one year of suit being filed and within thirty days of Estes's motion for summary judgment, which provided the affidavit

of Tim Akins (who had not yet been deposed). On January 25, Plaintiff moved to remand, arguing that (1) the amount in controversy does not exceed $75,000; (2) Defendant Estes was not improperly joined; and (3) Whitmire's removal is untimely.

## II. Applicable Law

*\*2* Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In this case, Plaintiff Gonzalez and Defendant Estes are both citizens of Texas. Thus, Estes's presence in this action negates the existence of diversity jurisdiction and would also preclude removal based on diversity under the forum-defendant rule. *See* 28 U.S.C. § 1441(b) (when original federal jurisdiction is based on diversity, a defendant may remove only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Defendant Whitmire, however, argues that removal is proper because Estes is improperly joined. If Estes is improperly joined, its presence is disregarded.

To demonstrate improper joinder of a resident defendant, the removing defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Crockett v. RJ Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). Whitmire relies on the second prong in this case, and thus the inquiry is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc). The burden of proof is on the removing party. *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005). In deciding whether a party was improperly joined, this Court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id.* Further, the Fifth Circuit has held that the Court may resolve the issue in one of two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper

> joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood,* 385 F.3d at 573-74. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns," and thus and any doubt about the propriety of removal must be resolved in favor of remand. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365-66 (5th Cir.1995).

*\*3* The timeliness of removal in a civil case is governed by section 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). It is clear that the initial pleading was not removable because it involved only Plaintiff and Estes, both citizens of Texas. *See Harden v. Field Mem'l Comm. Hosp.,* 265 Fed. App'x 405 (5th Cir.2008) ( "Here, it is undisputed that the initial pleading-the first complaint-was not removable because it did not include Quorum as a defendant."). Thus, removal of this case is governed by the second paragraph.

The information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b). *Bosky v. Kroger Tex.,* 288 F.3d 208, 211 (5th Cir.2002).[1] In addition, the thirty-day time period

begins to run from the time the improper joinder may first be ascertained. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (diverse defendants were "entitled to remove the case within thirty days following their discovery of the improper joinder," which was when in-state defendant filed its answer); *Frisby v. Lumbermens Mut. Cas. Co.,* Civ. A. No. H-07-015, 2007 WL 2300331 (S.D.Tex. Feb.20, 2007) ("[T]he Fifth Circuit has been quite clear that in cases of improper joinder, the 30 day time period begins to run from the time the improper joinder is discovered."); *Delaney v. Viking Freight, Inc.,* 41 F.Supp.2d 672, 674 (E.D.Tex.1999) ("In the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal."); *see also Baden v. Nabisco,* 224 F.3d 382, 390 n. 13 (5th Cir.2000) (noting that defendant's answer in *Jernigan* was a pleading or other paper from which it could first be ascertained that in-state defendant was improperly joined and that case was thus removable).

### III. Analysis

Defendant Whitmire contends that it timely removed this case because it removed within thirty days of Estes's filing the motion for summary judgment contending that it is immune from liability under Texas Civil Practice & Remedies Code § 82.003. Chapter 82 of the Texas Civil Practice and Remedies Code was added by the Legislature to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product. *Manchester Tank & Equip. Co. v. Engineered Controls Int'l,* --- S.W.3d ----, ---- (Tex.App.-Waco 2009, Rule 53.7(f) motion granted). Section 82.003 sets out seven specific situations where a non-manufacturing seller of a product may be independently liable to a claimant for harm caused by that product. *FLS Miljo, Inc. v. Munters Corp.,* --- F.Supp.2d ----, ---- (N.D.Tex.2010). The plaintiff has the burden of proving one of the exceptions to nonliability. *In re Atlas Tubular, L.P.,* 296 S.W.3d 363, 365 (Tex.App.-Corpus Christi 2009, orig. proceeding). Section 82.003 provides:

> *\*4* 82.003. Liability of Nonmanufacturing Sellers
>
> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
> (1) that the seller participated in the design of the product;
>
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>
> (4) that:
>
>> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>>
>> the warning or instruction was inadequate; and
>>
>> the claimant's harm resulted from the inadequacy of the warning or instruction;
>
> (5) that:
>
>> (A) the seller made an express factual representation about an aspect of the product;
>>
>> (B) the representation was incorrect;
>>
>> (C) the claimant relied on the representation in obtaining or using the product; and
>>
>> (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>
> (6) that:
>
>> (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>>
>> (B) the claimant's harm resulted from the defect; or
>
> (7) that the manufacturer of the product is:
>
>> (A) insolvent; or
>>
>> (B) not subject to the jurisdiction of the court.

Whitmire contends that it was not "unequivocally clear and certain" that Estes had been improperly joined until Estes filed the motion for summary judgment addressing all of the aspects of § 82.003. [2]

Plaintiff contends that the notice of removal in this case was not timely filed because Whitmire was on notice of Estes's claim under § 82.003 more than thirty days before the removal. Plaintiff points to Estes's amended answer filed August 14, 2009, in which it asserted that it was immune from liability pursuant to § 82.003, and Estes's Responses to Plaintiff's Interrogatories and Requests for Disclosure, which were served on Whitmire on September 21, 2009.

Whitmire states that the bare-bones assertion in the answer was insufficient to trigger the removal clock, and if such a bare-bones assertion were sufficient, defendants would have to remove every time an in-state defendant asserted an affirmative defense or filed a general denial. Whitmire also argues that the responses to the discovery were insufficient to trigger the removal clock because they do not address many of § 82.003's exceptions, [3] including designing and altering of the products, making representations regarding the products, and knowing about alleged defects in the product. Whitmire contends that the disclosure responses, which were unsworn, [4] did not unequivocally or with certainty demonstrate that Estes was entitled to § 82.003 immunity.

**\*5** The Court concludes that Whitmire's notice of removal was untimely.

First and most importantly, the Court notes that Plaintiff's pleadings do not allege any specific facts that would invoke an exception to a non-manufacturing seller's immunity. Section 82.003 clearly places the burden of proof upon a plaintiff to establish one of the exceptions to non-liability; it is not an affirmative defense. The amended petition states that the chemicals were supplied by Estes and manufactured by Whitmire, and alleges only generally that "the chemicals in question were defectively manufactured or marketed." There are no factual allegations that would invoke any exception to nonliability on the part of Estes. The allegations in the amended petition would be insufficient to overcome a motion to dismiss under Rule 12(b)(6). Thus, the Court finds that Whitmire could ascertain the improper joinder when Estes filed its answer and asserted nonliability under § 82.003. Whitmire should have removed within thirty days of Estes's filing its answer. [5]

Second, even if the answer was insufficient to trigger removal, the discovery responses adequately demonstrated the lack of a reasonable probability of recovery against Estes in light of the pleadings. In the Response to Plaintiff's Requests for Disclosure, Estes stated "it is our contention that as a non-manufacturing seller, we are not liable for any harm alleged to have been caused inasmuch as we did not participate in the design of the product, we did not alter or modify the product, we did not install or have the product installed on another product, and did not exercise any control over the content of a warning or instruction and we did not make any express representation about any aspect of the product which was false." In its responses to Plaintiff's first interrogatory, Estes asserted that it never packaged or installed the products, but purchased them from the manufacturer or an upstream distributor and sold them to Worldwide. In response to interrogatory three, it stated that it was not aware of any changes in the product, the packaging, the warning, or the instructions for use occurring after the time the products left the hands of Defendant Whitmire, which would negate a finding that Estes made any changes to the product, packaging, warnings, or instructions for use. When asked if it "performed any auxiliary services in relation to the sale or installation of the product," Estes stated that it did not know what "auxiliary services" meant, but referred Plaintiff to its response to interrogatory one for its "role in the distribution of the products." In response to interrogatory number five, Estes stated that it performed no tests or inspections of the product. When asked to describe any warnings given by Estes to the Plaintiff or owner of the product, Estes stated it gave none "other than those included with or affixed to the products by the manufacturer." In response to interrogatory fifteen, Estes stated that it did not cause to be affixed or attached to the product or the package in which the product was sold prior to the alleged occurrence any label, tag, directions, instructions for use, or other writings.

**\*6** Thus, these discovery responses, coupled with the lack of any pleadings invoking an exception to non-liability in section 82.003, were sufficient for Whitmire to ascertain that there was no reasonable basis to predict that Plaintiff might be able to recover against Estes. Whitmire should have removed, at the latest, within thirty days of receiving these discovery responses.

### Conclusion

The Court finds that Whitmire's notice of removal was not timely filed. Accordingly, the Court GRANTS Plaintiff's Motion to Remand (docket no. 3) and REMANDS this case to state court. Remand is ordered pursuant to 28 U.S.C. § 1447(c).

It is so ORDERED.

Footnotes

1    Although the Fifth Circuit has held that an amended pleading, motion, order, or other paper must be the result of a voluntary act of the plaintiff to permit removal under § 1446(b), improper joinder is an exception to that requirement. *Crockett v. RJ Reynolds Tobacco Co.,* 436 F.3d 529, 531-33 (5th Cir.2006). Accordingly, this Court respectfully disagrees with the decisions in *Case v. Phillips 66 Co.,* Civ. A. No. 1:08-CV-985, 2008 WL 5101333 (S.D.Miss. Nov.26, 2008) and *Joiner v. Mississippi AG Co.,* Civ. A. No. 3:06-CV-337, 2006 WL 2884523 (Oct. 10, 2006), in which the courts held that the in-state defendant's motion for summary judgment could not serve as a motion or other paper for purposes of § 1446(b) because it was not a voluntary act of the plaintiff, even though removal was based on improper joinder.

2    It does not appear to be seriously in dispute that section 82.003 precludes liability with regard to Estes. Plaintiff presents no evidence indicating that he has a reasonable probability of recovery against Estes. Rather, he makes only the erroneous assertion that "an innocent retailer is properly joined in a products liability cause of action." Plaintiff cites *Norris v. Bombardier Recreational Products,* 2009 WL 94531 (Jan. 12, 2009) for support. However, in *Norris,* the district court concluded that the Plaintiff had adequately pleaded facts demonstrating an exception to nonliability under 82.003(a)(4) and (6). *Id.* at *5. In this case, Plaintiff has not pleaded any facts invoking an exception to nonliability.

3    The Court disagrees with this assertion, finding that the discovery responses negated all of the possible exceptions except whether Estes knew of the alleged defect under 82.003(a)(6). (The discovery responses also did not negate 82.003(a)(7), but Whitmire, as the manufacturer, would have known that it did not apply.)

4    The Court notes that the Responses to Plaintiff's Interrogatories are sworn.

5    The Court is aware that removal procedure should not encourage premature, protective removals. As noted, Whitmire argues that, if the answer here were sufficient to trigger removal, parties would have to remove every time a defendant asserts a general denial or affirmative defense or risk waiving the right to remove. This argument is not well taken on these facts, however, because Plaintiff bears the burden of pleading and proving an exception to non-liability under § 82.003 and Plaintiff's amended petition would not survive a 12(b)(6) motion. The Court bases its remand on that fact, and would reach a different conclusion if Plaintiff's amended petition asserted any facts sufficient to invoke liability on the part of Estes.

**End of Document**      © 2011 Thomson Reuters. No claim to original U.S. Government Works.