UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAYATHRI MURTHY, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-105 |
| ABBOTT LABORATORIES, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of this Court's Memorandum and Order, Issued March 6, 2012, to the Extent it Dismisses Plaintiff's Failure-to-Warn Claims Under Tex. Civ. Prac. & Rem. Code. § 82.007 ("Motion"). (Doc. No. 66.) Defendant Abbott Laboratories filed a Response (Doc. No. 67); Plaintiff did not file a Reply. After considering the Motion, the Response, and the applicable law, the Court concludes that the Motion must be **DENIED**.

The Court has extensively detailed the facts of this case in its March 2012 Memorandum and Order on Defendant's Motion to Dismiss. (Doc. No. 62.) In that Memorandum and Order, the Court dismissed all of Plaintiff's claims except for Plaintiff's contractual claims. The Court concluded that it was bound by the Fifth Circuit's decision in *Lofton v. McNeil Consumer & Specialty Pharmaceuticals*, --- F.3d ----, No. 10-10956, 2012 WL 579772, at *9 (5th Cir. Feb. 22, 2012), to find that Tex. R. Civ. P. § 82.007(b)(1) was preempted. (*Id.* at 24.) Additionally, the Court found that § 82.007(b)(1) was severable from § 82.007(a). (*Id.* at 24 n.8.) Plaintiff now seeks reconsideration of that Memorandum and Order. First, Plaintiff urges that the Court was

1

mistaken in concluding that § 82.007(a) is independent of § 82.007(b)(1). (Mot. Reconsideration at 3.) Second, Plaintiff insists that, in the alternative, § 82.007(b)(1) is not preempted. (*Id.* at 21.) Third, Plaintiff contends that § 82.007 does not apply to claims of failure to warn consumers directly. (*Id.* at 24.)

For motions for reconsideration filed within 28 days of a Court's order or for reconsideration of interlocutory orders, the Court applies Federal Rule of Civil Procedure 59(e). *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. H–11–3218, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011) (citing *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 3190452, at *4-5 (S.D. Tex. Sept. 28, 2009)). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). According to the Fifth Circuit, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In sum, "a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Although "the district court enjoys considerable discretion in granting or denying" a motion under Rule 59(e), 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.

2011), the Fifth Circuit cautions that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

The Court concludes that the extraordinary relief afforded under Rule 59(e) is inappropriate here. Plaintiff has rehashed old arguments and presented arguments that she could have provided in earlier briefing. Plaintiff nowhere points out a manifest error of law or fact or presents newly discovered evidence. As such, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of May, 2012.

_____
KEITH P. ELLISON
US DISTRICT COURT JUDGE